Chief Justice Alvey
delivered the opinion of the Court:
The petitioner, Sarah Harlow, was plaintiff in an action for libel in the court below, and the cause has been tried there, resulting in a verdict and judgment for the defendants, E. S. Carroll and others. The plaintiff took exception and noted an appeal, and thereupon sued out citation, but has failed to perfect the appeal within the time prescribed by the rules of this court. She now comes here and files an application praying' to be allowed to prosecute her appeal in this court in forma pauperis ; and the question is, whether there is law or established practice that will justify this court, in the exercise of appellate jurisdiction, in granting the privilege .asked by the petitioner.
We must assume, of course, that the party has had a fair trial of her case in the court below, though it is possible that there may have been error in matter of law, of which she complains. But this may be said of all cases tried before competent tribunals, whether the right of appeal be given or not.
The old English statutes of 11 Henry. VII., Ch. 12, and 23 *204 Henry VIII., Ch. 15, providing for the prosecution of civil actions by indigent plaintiffs, were in force, it seems, in Maryland as part of the law of that State, at the time of the cession by that State of this District to the United States; and, consequently, by force of congressional legislation, those statutes, as part of the laws of Maryland, were continued in force in this District until they should be repealed or modified by subsequent legislation. These statutes, made for a state of society of a past age, have been but rarely resorted to here; but they provide that every poor person or persons shall have, by the discretion of the chancellor, all writs original'and subpoenas necessary for the prosecution of his or their civil actions, free of charge; “and after the said writ or writs be returned, if it be afore the King in his Bench, the justices there shall assign to the same poor person or persons counsel learned, by their discretion, which shall give their counsels, nothing taking for the same. And likewise the justices shall appoint attorney or attornies for the same poor person or persons, and all other officers requisite and necessary to be had for the speed of the said suits to be had and made, which shall do their duties without any reward for their counsel, help, and business in the same.” It then provides that the same rule shall apply to the courts of common pleas and exchequer, and to all other courts of record. This is the provision of St. 11 Henry VII., Ch. 12; and by St. 23 Henry VIII., Ch. 15, Sec. 2, it is provided:
“ That all and every such poor person or- persons, being plaintiffs in any of the said actions, bills or plaints, which, at the commencement of their suits or action be admitted by discretion of the judge or judges, where such suits or actions shall be pursued or taken, to have their process, and counsel of charity, without any money or fee paying for the same, shall not be compelled to pay any costs by virtue and force of this statute, but shall suffer other punishment, as by the discretion of the justices or judge, afore whom suits shall depend, shall be thought reasonable,” etc.
As will be observed, there is nothing in these old and *205 curiously worded statutory provisions that indicates that the right to prosecute civil suits gratis was intended to be extended to the prosecution of appeals; but, on the contrary, the terms of the statutes would seem to indicate that the privilege of free suits was confined to the prosecution of actions in courts of record of original jurisdiction. Indeed, appellate jurisdiction, at the time of the passage of these statutes was exercised under very different conditions from those under which modern appellate jurisdiction is exercised, either in England or this country. Here, the appellate jurisdiction of all courts of the United States, inferior to the Supreme Court, is conferred and regulated by statute, and there is no statutory provision found in the acts of Congress that authorized the prosecution of appeals in civil actions in forma pauperis.
Under these old English statutes of xi Henry VII., and 23 Henry VIII., the practice established has been, that the party applying for the privilege must swear that he is not worth five pounds, excepting his wearing apparel. And he must also furnish a certificate of counsel of good standing, that he thinks the party has merit in his case, before the court will exercise its discretion as to whether the party should be allowed to sue and prosecute in forma pauperis. 2 Tidd’s Prac., 98.
It is discretionary with the court to grant or refuse the indulgence of suing in forma pauperis, and it has been the practice to refuse the privilege to so prosecute certain actions, as for instance, actions for slander or libel. 2 Arch. Prac., 169.
The privilege may be granted either at the commencement of the suit, or at a subsequent stage of it; but if granted pen-dente lite, it has no retrospective effect. The privilege extends only to the cause in which the admission has been allowed, and it is confined to plaintiffs, and is not grantable to a defendant. Id.; 16 Vin. Abr., 259, Pl. 4; 2 Tidd’s Prac., 98.
. In this case, the application has not been made in confor *206 mity to the requirements of the established practice under the statute, supposing this court to have power to grant the privilege; nor is the action instituted by the petitioner of a nature to call for the exercise of a discretion in favor of allowing the privilege.
But this application is refused upon the broad ground that we have no power, as an appellate court, to grant it. The statutes to which we have referred do not apply to or contemplate the prosecution of appeals or writs of error to an appellate court, in forma pauperis. This was-the understanding of the statutes by the judges in the Anon. Case, 1 Mod., 268; and, upon the reason of the matter, it was so held by the chancellor in the case of Bolton v. Gardner, 3 Paige, 273.
However much this court may sympathize with an indigent plaintiff who may suppose himself or herself injured by errors in the rulings of the trial court, the rights of the defendant must not be overlooked or disregarded. He has rights as sacred as those of the plaintiff; and after he has successfully defended the suit in the court below, possibly at heavy expense, and great trouble and vexation, it is no small prejudice to his rights to be required to follow the appeal into this court, and, it might be, into a court of higher resort, and to incur all the costs and expense incident to the position of an appellee in such appeal, without the possibility of indemnity for any part of his outlay, to say nothing of the trouble and vexation attending the appeal.
The rules of this court provide against such terms of inequality of litigation, and it is the right of the appellee, as well as it is of the appellant, to have the rules of the court applied to all cases alike, and that the costs of litigation be imposed and collected in accordance with the rules made in pursuance of the act of Congress.
It seems to have been settled that the old statutes of England to which we have referred relate to civil actions alone; and that, as to indictments or criminal proceedings, the common law allows the defendant, upon showing his poverty, the right not only to defend in the court of original jurisdic *207 tion, but the right to prosecute an appeal to the court of appeals in forma pauperis. Rex v. Wright, 2 Strange, 1041; see also Rex v. Reynolds, 1 W. Bl., 230; Rex v. Pearson, 2 Burr., 1039.
Such privilege allowed to the defendant in a criminal prosecution is founded in reason quite inapplicable to the case of a plaintiff in a civil action; and hence the practice of the courts of appellate jurisdiction in allowing appeals or writs of error to be brought by" defendants in criminal cases in forma pauperis, upon proof of inability to pay costs and fees, furnishes no authority or precedent for allowing the privilege to a plaintiff in a civil action.

Application denied and petition dismissed.